# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| MARSHALL RAY AIMES, | ) | |
|---|---|---|
| Petitioner, | ) | |
| v. | ) | Case No. CIV-13-1340-M |
| ANITA TRAMMEL, | ) | |
| Respondent. | ) | |

## REPORT AND RECOMMENDATION

Petitioner Marshall Ray Aimes, a state prisoner appearing pro se, filed a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus ("Petition," Doc. No. 1).[1] Chief United States District Judge Vicki Miles-LaGrange referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b). Having reviewed the Petition, the undersigned recommends that it be dismissed.

### BACKGROUND

Petitioner asserts that on June 29, 2004, he was convicted in Oklahoma County District Court of "possession with intent" and sentenced to fifteen years in prison. Pet. at 1-2; *see also State v. Aimes*, No. CF-2003-3614 (Okla. Cnty. Dist. Ct. filed July 3,

---

[1] Citations to documents filed with the Court use the page numbers assigned by the Court's electronic filing system. When quoting the Petition, the undersigned has occasionally altered the capitalization to improve readability.

2003).² Petitioner states that he directly appealed his conviction to the Oklahoma Court of Criminal Appeals ("OCCA") but "[d]idn't get it dismissed." Pet. at 2-3; *see also Aimes v. State*, No. F-2004-701 (Okla. Crim. App. Feb. 9, 2005) (summary opinion affirming Petitioner's conviction on direct appeal).³ Petitioner did not seek further review by the United States Supreme Court. *See* Pet. at 2. Petitioner also references a postconviction relief proceeding in his Petition, providing only sparse details. *See id.* at 5-6, 7-8. Ultimately, Petitioner concedes that his Petition, which was filed on December 20, 2013, is "late," but he argues for the application of equitable tolling to render the Petition timely. *See id.* at 13.

Petitioner states that his direct appeal was on the ground of double jeopardy, asserting that he "was tr[i]ed twice for the same offense[,] [a]fter [he] agreed to proceed with 11 jurors [at] the first trial proceeding." *Id.* at 2. Petitioner elaborates by asserting that a state court judge "denied [him] an alternate" because "a juror didn't show up and

---

² The docket sheet for Case No. CF-2003-3614 is publicly available at http://www.oscn.net/applications/oscn/GetCaseInformation.asp?number=CF-2003-3614&db=Oklahoma&submitted=true. In this Report and Recommendation, the undersigned takes judicial notice of publicly available state court records to corroborate the limited information provided in the Petition. *See* Fed. R. Evid. 201. Further, although Petitioner states that he was convicted of "possession with intent"—i.e., the charged offense of possession of a controlled dangerous substance with intent to distribute—the docket sheet in his criminal case indicates that Petitioner was instead convicted "of the lesser include[d] offense [of] possession of [a controlled dangerous substance]." *See State v. Aimes*, No. CF-2003-3614 (docket entries for June 15, 2004, and June 16, 2004). This discrepancy need not be resolved, however, because it is not pertinent to the undersigned's analysis or findings.

³ The docket sheet for Case No. F-2004-701 is publicly available at http://www.oscn.net/applications/oscn/GetCaseInformation.asp?number=F-2004-701&db=Appellate&submitted=true.

[Petitioner] didn't have a[n] alternate." *Id.* at 13. Petitioner further states that "[t]he D.A. filed for a mistrial. That[']s double jeopardy." *Id.*

Petitioner now asserts two grounds for relief: (1) "Double Jeopardy I was tr[i]ed twice for the same offense after agreeing to proceed with 11 jurors"; and (2) "5th [A]mendment violated the right to be judge[d] by 11 jurors [at] the first trial proceeding." *See id.* at 5-6. Petitioner asserts that the first ground was raised on direct appeal but that as to the second ground, his attorney "didn't raise it." *Id.* at 6, 8. Petitioner also indicates that the first ground was raised in a postconviction proceeding but provides no details of that proceeding. *See id.* at 5-6.

In explaining why his Petition should not be considered untimely, Petitioner asserts that he "didn't know about the Habeas Corpus not until[] Dec 5 2013 by a guy name[d] Andy in my pod." *See id.* at 13. Petitioner further asserts, "If my [attorney] had laid out the [guidelines] on a Habeas Corpus after my Appeal[,] I wouldn't be late. I don't know what to file unless my [attorney] tells me. I don't know when to file unless my [attorney] tell[s] me. She didn't do her job right." *Id.*

Upon review of publicly available records of the Oklahoma Department of Corrections ("ODOC"), the undersigned notices that Petitioner was released from ODOC's custody on June 4, 2014. Petitioner has not, however, updated his address with the Court. *See* LCvR 5.4(a) (requiring all litigants to file notice of change of address with Court).

3

ANALYSIS

A. *Whether the Petition Is Moot*

Depending on the circumstances of Petitioner's June 2014 release from ODOC's custody, the Court may no longer be presented with a live case or controversy, thus rendering the Petition moot and depriving the Court of subject-matter jurisdiction. "When a prisoner has been released from custody while his or her habeas petition is pending, the court's jurisdiction depends upon the existence of 'collateral consequence[s] of the conviction,'" and, thus, "the petitioner must demonstrate 'some concrete and continuing injury.'" *Lucero v. McKune*, 340 F. App'x 442, 443-44 (10th Cir. 2009) (alteration in original) (quoting *Spencer v. Kemna*, 523 U.S. 1, 7, 14 (1998)). Because the petitioner has received the relief requested—i.e., his release from custody—there may be nothing for the court to remedy, thereby rendering the petition moot. *Id.* (citing *Riley v. INS*, 310 F.3d 1253, 1257 (10th Cir. 2002)). Nevertheless, when the petitioner is challenging the underlying conviction, as opposed to the sentence imposed, collateral consequences of the conviction generally may be presumed. *See Spencer*, 523 U.S. at 8-12; *United States v. Meyers*, 200 F.3d 715, 718 (10th Cir. 2000).

Here, because Petitioner is challenging his underlying conviction, the undersigned presumes that collateral consequences exist and thus finds that the Court continues to

have jurisdiction over this matter.[4] *See Spencer*, 523 U.S. at 8-12. The undersigned has proceeded to consider whether the Petition is otherwise subject to dismissal.

B. *Whether the Petition Is Timely*

A petition filed under 28 U.S.C. § 2254 is subject to dismissal upon filing "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("Section 2254 Rules"); *see also Day v. McDonough*, 547 U.S. 198, 209 (2006) ("[D]istrict courts are permitted, but not obliged, to consider, *sua sponte*, the timeliness of a state prisoner's habeas petition."). "[B]efore acting on its own initiative, a court must accord the parties fair notice and an opportunity to present their positions." *Day*, 547 U.S. at 210. As detailed above, Petitioner has already presented his grounds for why the Petition should be accepted as timely. *See* Pet. at 13. Further, Petitioner is given notice by this Report and Recommendation of his additional

---

[4] The undersigned cannot definitively assess whether any collateral consequences exist because Petitioner has not kept the Court apprised as to his circumstances. Petitioner did not inform the Court of his release from incarceration or that any release had been anticipated. Although Petitioner was sentenced in 2004 to fifteen years in prison, he was released after serving approximately ten years, for reasons that are unknown. Petitioner has not otherwise addressed the existence of any collateral consequences of his 2004 conviction in any filing to date. If the undersigned's recommendation that the Petition be dismissed as untimely is not accepted, further inquiry into the existence of collateral consequences may be warranted.

5

opportunity to present his position by filing an objection to the Report and Recommendation.[5]

Here, it plainly appears from the Petition that it was untimely filed, and thus Petitioner is not entitled to relief in this Court. *See Kilgore v. Attorney Gen. of Colo.*, 519 F.3d 1084, 1089 (10th Cir. 2008) (permitting sua sponte dismissal of petition when untimeliness is "clear from the face of the petition itself"); *Day*, 547 U.S. at 209-10. The Petition should be dismissed accordingly.

A one-year period of limitation applies to any "application for a writ of habeas corpus [filed] by a person in custody pursuant to the judgment of a State court." *See* 28 U.S.C. § 2244(d)(1). As relevant here, the limitation period began to run from "the date on which the judgment became final by . . . the expiration of the time for seeking [direct] review."[6] *See id.* § 2241(d)(1)(A). Because Petitioner did not seek further review before

---

[5] Further, when sua sponte addressing the timeliness of a § 2254 petition, the district court must "assure itself that the petitioner is not significantly prejudiced . . . and determine whether the interests of justice would be better served by [instead] addressing the merits" of the petition. *Day*, 547 U.S. at 210 (internal quotation marks omitted); *Thomas v. Ulibarri*, 214 F. App'x 860, 861 n.1 (10th Cir. 2007). Here, the undersigned finds that these considerations do not counsel against the Court primarily considering whether the petition is time-barred and dismissing it on that basis.

[6] The limitation period may also run from, among other dates, "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence," if that date is later than the date on which the petitioner's judgment became "final" as defined by § 2244(d)(1)(A). *See* 28 U.S.C. § 2241(d)(1)(D). Petitioner was aware of the factual predicate of the claims presented—the alleged double jeopardy—at least by the time he filed his direct appeal, as he raised the issue at that time based on the same facts he now presents to this Court. *See* Pet. at 2, 5. Petitioner's judgment became "final" under § 2244(d)(1)(A) following disposition of his direct appeal, and that disposition was subsequent to Petitioner's discovery of the factual

the United States Supreme Court of the OCCA's February 9, 2005 affirmance of his conviction, Petitioner's judgment became final 90 days after that affirmance—i.e., on May 10, 2005—and the limitation period then began to run. *See* Pet. at 2; *Locke v. Saffle*, 237 F.3d 1269, 1271-73 (10th Cir. 2001). Absent any tolling, Petitioner's limitation period to file a habeas petition expired one year later on May 10, 2006. *See* 28 U.S.C. §2244(d)(1)(A).

Petitioner references a postconviction relief proceeding in his Petition, which could extend the expiration of the limitation period. The one-year period is statutorily tolled during the pendency of a properly filed application for postconviction relief in state court as to the relevant judgment or claim. *See* Pet. at 5-6; 28 U.S.C. § 2244(d)(2). Petitioner states that his application for postconviction relief was denied on June 29, 2004, which is also the date of his sentencing on the underlying criminal charge. *See* Pet. at 1, 7. Although Petitioner selected and completed items on his form-based Petition to indicate that he may have appealed the denial of his application for postconviction relief, the Petition elsewhere contradicts that suggestion. *See* Pet. at 6, 7-8. The undersigned judicially notices, from the publicly available docket sheet in Petitioner's state court criminal proceeding, that Petitioner's application for postconviction relief was filed in the trial court on October 17, 2005, and denied on January 26, 2006. *See State v. Aimes*, No. CF-2003-3614. Neither the docket sheet for his Oklahoma County District Court

---

predicate for the claims now presented. Because the date on which Petitioner's judgment became final is the later of the two dates, his limitation period runs from that date. *See* 28 U.S.C. § 2241(d)(1)(A), (D).

criminal proceeding (No. CF-2003-3614) nor the publicly available records of the OCCA reflects that Petitioner appealed this denial of postconviction relief.[7]

Petitioner filed his Petition in this Court on December 20, 2013. Even with the benefit of statutory tolling while his application for postconviction relief was pending, the Petition was filed more than seven years beyond the expiration of the limitation period. Petitioner concedes that his Petition was filed "late" but argues for the application of equitable tolling to render it timely filed, asserting that because his attorney did not provide the information, he was unaware until December 5, 2013, of any opportunity to pursue a writ of habeas corpus in federal court. *See* Pet. at 13.

Equitable tolling of the statutory deadline applies "in rare and exceptional circumstances." *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000) (internal quotation marks omitted). The petitioner generally bears the burden of establishing the applicability of equitable tolling by establishing "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). Circumstances appropriate for equitable tolling include "when a prisoner is actually innocent, when an adversary's conduct—or other uncontrollable circumstances—prevents a prisoner from timely filing, or when a prisoner

---

[7] Petitioner filed a second application for postconviction relief in the trial court on June 28, 2011, which appears to have been denied on August 10, 2011, and regarding which the docket sheet reflects no appeal. *See State v. Aimes*, No. CF-2003-3614. Because this application for postconviction relief was filed after the statutory limitation period had expired, it does not qualify for the benefit of statutory tolling. *See Fisher v. Gibson*, 262 F.3d 1135, 1142-43 (10th Cir. 2001).

actively pursues judicial remedies but files a defective pleading during the statutory period." *Gibson*, 232 F.3d at 808 (citation omitted).

*Egregious* misconduct by a petitioner's attorney, such as through affirmative misrepresentations about the attorney's actions taken on the petitioner's behalf, may be sufficient to warrant equitable tolling. *Fleming v. Evans*, 481 F.3d 1249, 1256 (10th Cir. 2007). However, neither a prisoner's ignorance of the law nor his attorney's negligence or mistake is sufficient to establish the requisite extraordinary circumstances for equitable tolling of the limitation period. *See id.* at 1255-56; *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000); *Montoya v. Milyard*, 342 F. App'x 430, 432-33 (10th Cir. 2009).

Here, Petitioner's arguments coincide with the latter examples, which do not qualify for equitable tolling. Petitioner asserts that for several years he was unaware of the option to pursue a writ of habeas corpus in federal court because his attorney did not inform him of that option. *See* Pet. at 13. Although incarcerated, it was Petitioner's responsibility to "vigilantly oversee, and ultimately bear responsibility for, [his] attorneys' actions or failures," and "attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the extraordinary circumstances required for equitable tolling." *See Fleming*, 481 F.3d at 1255-56 (internal quotation marks omitted); *see also Morgan v. Addison*, No. 14-6130, 2014 WL 4401648, at *1 (10th Cir. Sept. 8, 2014) (denying certificate of appealability after district court's sua sponte dismissal of untimely petition in which petitioner asserted that his attorney failed to inform him of federal petition as option).

Petitioner has not shown more than negligent conduct by his attorney and, thus, has not established that an extraordinary circumstance prevented him from pursuing such claims. *See Fleming*, 481 F.3d at 1255-56; *Pace*, 544 U.S. at 418. Accordingly, Petitioner has not established that equitable tolling applies, and his Petition should be dismissed as untimely.

## RECOMMENDATION

For the foregoing reasons, the undersigned recommends that the Petition be dismissed as untimely.

## NOTICE OF RIGHT TO OBJECT

Petitioner is advised of the right to file an objection to this Report and Recommendation with the Clerk of this Court by October 17, 2014, in accordance with 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72. Petitioner is further advised that failure to timely object to this Report and Recommendation waives the right to appellate review of both factual and legal issues contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation terminates the referral in the present case. The Court Clerk is directed to serve copies of the Petition and this Report and Recommendation to Respondent and to the Attorney General of the State of Oklahoma through electronic mail sent to fhc.docket@oag.state.ok.us. *See* Section 2254 R. 4.

ENTERED this 26th day of September, 2014.

_____
CHARLES B. GOODWIN
UNITED STATES MAGISTRATE JUDGE